# CARROLL.

## OSGOOD *v.* POLLARD.

When a mortgagee of personal property has possession of the property under the mortgage, derives an income from it, and subsequently fore-closes his mortgage by a sale, the mortgagor cannot recover for the use of the property in an action of assumpsit.

If, after applying a reasonable allowance for the use had by the mortgagee, to the payment of the debt, the proceeds of the sale amount to more than sufficient to pay the debt, with incidental charges, the mortgagor is entitled to the balance.

ASSUMPSIT, upon an account annexed. Among the items of the account were two for the use of a cow from June 30 to August 1, 1843, and from August 1 to September 11, $6. Plea, the general issue, with notices of a note for $12.62 in set-off.

It appeared that the note filed in set-off was dated February 17, 1843, and made payable to the defendant on the first of August following, and was secured by a mortgage of the cow mentioned in the plaintiff's account. The mortgage contained a provision that the cow might be taken and removed by the defendant, as well before as after default in the payment of the note ; and on the 30th of June he took her by virtue of the mortgage, and kept and used her until September 11, when he sold her at public auction for $10.25, having first given due notice of

the time, place and purpose of the sale. After deducting $1.50 for the expenses of the sale, the defendant indorsed the balance on the note.

The case was committed to an auditor, who allowed the charges for the use of the cow, and found a balance of $4.48 due on the note, leaving a balance of $1.52 due the plaintiff.

The question whether the plaintiff is entitled to recover for the use of the cow was reserved for the consideration of this court.

*Carter & Hobbs*, for the plaintiff.

*Hall*, for the defendant, cited *Mason* v. *Davis*, 11 N. H. Rep. 384; *Weeks* v. *Thomas*, 21 Maine 46.

PARKER, C. J. It is clear that a mortgagee, rightfully in possession of the mortgaged property, is entitled to the income of it; and no distinction can be drawn, in this respect, between such possession before and possession after a breach of the condition of the mortgage. But in either case, if the property is redeemed, the income is to be applied in payment of the mortgage debt. Here the mortgage expressly gave the defendant the right to take possession before the note secured by it became due. He, therefore, rightfully used the property, and the plaintiff, if he had redeemed, would have been entitled to a credit for such use. But the plaintiff did not redeem. The defendant foreclosed by a sale, which was the proper method. If the plaintiff, on these facts, is entitled to recover any thing, it is not for the use of the property by the defendant, but for such balance of the money received from the sale as may remain over and above the debt and charges, the value of the use being applied as part payment.

A mortgagee of real estate, who has possession and

takes the profits, and subsequently forecloses his mortgage by a strict foreclosure, is not subject to an action for the mesne profits. Nor can he be charged with a balance, even if the value of the property on the foreclosure is greater than the debt. The mortgagor must, in such case, protect himself by a redemption. The land, — an entire thing, — has been applied in discharge, and the mortgagee does not become a debtor.

It may be different where the foreclosure is by a sale, because, in such case, the money received on the sale is applied in discharge ; and if the proceeds of the sale amount to more than the debt, no more is applied than is sufficient for the payment, and the mortgagor is entitled to the balance. If the mortgagee, in such case, has received profits, he may be accountable for them towards the payment of the debt, in ascertaining whether there is a balance after applying the proceeds of the sale to the payment of the debt.

The plaintiff, in this case, having brought his suit for the use of the cow, for which use he is not entitled to recover, there must be

*Judgment for the defendant.*